**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted September 6, 2006
Decided September 14, 2006

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** MICHAEL S. KANNE, Circuit Judge

**Hon.** DIANE S. SYKES, Circuit Judge

| | | |
|---|---|---|
| ERIC D. SMITH,<br>　　*Petitioner-Appellant,* | | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| **No.** 06-1389 | **v.** | |
| BILL WILSON,<br>　　*Respondent-Appellee.* | | No. 04 C 501<br>Allen Sharp, *Judge*. |

**Order**

We remanded this case last year so that the district judge could resolve a single question: whether Eric Smith had refused to attend a prison disciplinary hearing (as the respondent maintains) or had never been notified of the hearing (as Smith maintains). See *Smith v. Jordan*, No. 05-1186 (7th Cir. Aug. 12, 2005) (unpublished order). A magistrate judge held an evidentiary hearing and concluded that Smith is lying. The magistrate believed the contrary statement of a guard who testified that he had visited Smith in his cell to extend an opportunity to attend the hearing, and that Smith had refused point blank. The prison's contemporaneous log book reflects that decision. After *de novo* consideration, the district judge agreed with the magistrate judge.

Smith now argues that he was entitled to a jury trial on this factual dispute, but the contention is frivolous. The court is the sole factfinder in collateral proceedings under 28 U.S.C.

§2254. See §2254(e). A collateral attack is not an action "at law" to which the seventh amendment applies. Smith also maintains that the court should have subpoenaed additional witnesses, but the magistrate did not abuse his discretion in rejecting this request. The proposed testimony would have been marginally relevant, if relevant at all. Smith's remaining arguments are addressed to issues that were resolved adversely to him on the first appeal and need not be reconsidered.

Affirmed